CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
3/9/2020
JULIA C. DUDLEY, CLERK
BY: s/ C. Amos
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| TIMOTHY SANTIAGO,<br><br>    *Plaintiff*,<br><br>v.<br><br>VIRGINIA DEPARTMENT OF ELECTIONS,<br><br>    *Defendant*. | CASE NO. 6:19-cv-00086<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

Timothy Z. Santiago commenced this action against the Virginia Department of Elections by filing a *pro se* complaint as well as an application to proceed *in forma pauperis*, filed on December 23, 2019. Dkt. 1, 3. The Court will grant the application to proceed *in forma pauperis* but dismiss the Complaint without prejudice.

Plaintiff alleges that on December 23, 2019 at 12:00 p.m., he "attempted to file to run" as a candidate for Governor of Virginia, presumably in Virginia's November 2021 gubernatorial election. Dkt. 2 at 4. Plaintiff alleges, he "was not able to complete the filing requirements [due] to an age restriction." *Id.*; *see id.* (alleging he was "denied the ability to run" on account of "[his] age"). Plaintiff's complaint does not state his age. *Id.* He asks the Court to strike the Virginia Constitution's age requirement to run for governor in Virginia, arguing that it is in conflict with the Fourteenth Amendment of the U.S. Constitution. *Id.* at 3, 5.

This complaint fails to state a plausible claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (applicable to proceedings *in forma pauperis*); *Michau v. Charleston Cty.*, 434 F.3d 725, 728 (4th Cir. 2006) (stating that 28 U.S.C. § 1915(e) governs *in forma pauperis* filings, as well as complaints filed by prisoners, and permits district courts to sua sponte dismiss *in forma*

1

*pauperis* complaints that are frivolous, malicious, or fail to state a claim). "Factual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), accepting well pleaded factual allegations in the complaint as true and taking all reasonable inferences in the plaintiff's favor, *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). A court need not accept as true "legal conclusions, elements of a cause of action, … bare assertions devoid of further factual enhancement, … unwarranted inferences, unreasonable conclusions, or arguments." *Richardson v. Shapiro*, 751 F. App'x 346, 348 (4th Cir. 2018) (quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (internal quotation marks omitted). Courts are to construe the filings of *pro se* litigants liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1970), but nonetheless, a *pro se* complaint must state a plausible claim for relief, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The sparse allegations in Plaintiff's complaint are insufficient to state a plausible claim to relief. Indeed, the complaint fails to state Plaintiff's age—the key fact on the issue whether Plaintiff would meet the age qualification for the office, *see* Va. Const. Art. V Sec. 3 ("nor shall any person be eligible to that office [of Governor] unless he shall have attained the age of thirty years"). Nor are there any factual allegations whether Defendant denied any filing by Plaintiff; whether Plaintiff tried to submit any filing; or whether the parties had even communicated at all. The complaint fails to allege whether and how Plaintiff would meet any or all of the other qualifications for the office. *See* Va. Const. Art. V Sec. 3. Indeed, as submitted, the complaint not only lacks sufficient facts to state a plausible claim to relief, the Court also cannot say Plaintiff has shown standing to bring this suit. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (requiring party bringing suit to have suffered actual or threatened injury that can fairly be traced to the challenged action of the defendant and that the injury is likely to be redressed by a favorable decision).

To be sure, numerous courts have not found any constitutional infirmity to minimum-age qualifications for public office, holding that they are rationally related to the legitimate interest in having qualified representatives. *See Lindsay v. Bowen*, 750 F.3d 1061, 1064–65 (9th Cir. 2014) (holding that allowing 27-year old to run in Presidential primary, "despite her admission that she was underage, would mean that anyone, regardless of age, citizenship or other constitutional ineligibility would be entitled to clutter and confuse our electoral ballot," which would be an "absurd result" and rejecting First and Fourteenth Amendment claims); *Stiles v. Blunt*, 912 F.2d 260, 267 (8th Cir. 1990) (holding that minimum age requirement for Missouri state representatives to be 24 years old was "rationally related to the state's legitimate interest in having qualified representatives," and did not violate underage candidate's equal protection rights); *Manson v. Edwards*, 482 F.2d 1076, 1078 (6th Cir. 1973) ("The prescribing of minimum ages for public officials is sanctioned by timehonored precedent."); *see also United States v. Chavez*, 894 F.3d 596, 609 (4th Cir. 2018) (writing that even though "the legal age requirements for … holding certain public offices" will be "imperfect fits for some individuals," the court "cannot say that this makes them unconstitutional."). However, the Court need not reach the merits of the case at this stage, given the pleading deficiencies in the Complaint noted above.

Plaintiff's complaint therefore will be dismissed *without prejudice*. The Court will permit Plaintiff to file an amended complaint within twenty-one (21) days of the issuance of this decision. *See* Fed. R. Civ. P. 15(a)(2) (writing that the court should "freely give" leave to amend).

The Clerk of Court is directed to send a certified copy of this Memorandum Opinion to Plaintiff.

Entered this __9th__ day of March, 2020.

*[signature: Norman K. Moon]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE